NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEN CALLEN and CHRISTOPHER LEACH, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> RESONANT, INC.; MARTIN S. MCDERMUT; MICHAEL J. FOX; RUBEN CABALLERO; ALAN B. HOWE; JACK H. JACOBS; JOSHUA JACOBS; JEAN F. RANKIN; ROBERT TIRVA; GEORGE B. HOLMES, <br><br> Defendants - Appellees. | No. 25-2396 <br><br> D.C. No. 2:22-cv-03403-FLA-AS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted August 7, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Ken Callen and Christopher Leach brought this putative securities-fraud class action under Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 against Resonant, Inc., members of Resonant's board of directors, and Resonant's Chief Financial Officer (collectively, "Defendants"). Plaintiffs contend that the district court erred in dismissing the Second Amended Complaint ("SAC") for failure to state a claim without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's dismissal of a complaint for failure to state a claim . . . ." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). We review the district court's denial of leave to amend for abuse of discretion, but we review the question of futility of amendment de novo. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016).

1. The district court correctly dismissed the SAC for failure to plead loss causation. Loss causation is a required element of a Section 14(e) claim.[1] *See In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1055 & n.2 (9th Cir. 2023). "To show

[1] Because we affirm the dismissal of Plaintiffs' Section 14(e) claim on the ground that Plaintiffs fail to plead loss causation, we need not reach the other elements of Plaintiffs' Section 14(e) claim. Additionally, because Plaintiffs' Section 14(e) claim fails, Plaintiffs' Section 20(a) claim also fails. *See Varjabedian v. Emulex Corp.*, 888 F.3d 399, 403 n.2 (9th Cir. 2018) ("Claims under Section 20(a) necessarily rise and fall with the other securities claims.").

2

loss causation, a plaintiff must prove both economic loss and proximate causation." *N.Y.C. Emps.' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1023 (9th Cir. 2010), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc). Plaintiffs must plead all elements of their Section 14(e) claim, including loss causation, with particularity pursuant to Federal Rule of Civil Procedure 9(b). *See Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014).

Plaintiffs allege that, but for Defendants' purportedly false or misleading statements, Resonant's shareholders would have rejected Murata Electronics North America, Inc.'s ("Murata America") $4.50 per share tender offer as "unfair and inadequate," and either (1) Resonant's share value would have increased to more than $4.50 per share or (2) Murata America would have reoffered to acquire Resonant at a higher share price. Plaintiffs fail to plead loss causation plausibly and with particularity under either theory.

First, Plaintiffs fail to plead adequately that Resonant's share value would have been higher than $4.50 per share without the merger with Murata America. On October 22, 2021, Resonant rejected Murata America's offer of $4.00 per share. Resonant later rejected Murata America's December 9, 2021, and January 25, 2022, offers of $4.20 per share. On November 9, 2021, Resonant secured a financial advisor, which attempted to solicit offers from eleven other companies.

3

By January 25, 2022, seven companies had not responded to Resonant's solicitation, only two of the four companies that responded signed a nondisclosure agreement, and no company apart from Murata America submitted an offer. Murata America offered $4.50 per share on January 30, 2022. On February 14, 2022, the date of entry into the merger agreement, Resonant's share price had fallen to a 52-week all-time low of only $1.24 per share, and its revenue was down 70% year over year. Plaintiffs' suggestion that Resonant's share price would have increased to over $4.50 absent the merger is too speculative to adequately plead loss causation. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064-65 (9th Cir. 2008) (declining to "indulge unwarranted inferences" in support of loss causation).

Plaintiffs allege that analysts' price targets between August 12, 2021, and January 14, 2022, showed that Resonant's "true value" was above $4.50 per share. However, the price targets were based on Resonant's reaching cashflow breakeven in 2022 by securing additional contracts, and Plaintiffs do not allege that Resonant ever did so or was likely to do so. Additionally, the analysts' price targets were made before Resonant's significant decrease in stock price and revenue and its failure to receive any other offers. Plaintiffs' suggestion that analysts' price targets represented Resonant's true value is therefore too speculative to adequately plead loss causation. *Id.*

Second, Murata America's January 30, 2022, offer of $4.50 per share was its fourth, "last, best and final offer," and Plaintiffs fail to plead adequately that Murata America would have reoffered at more than $4.50 per share. At best, "plaintiffs' explanation is merely *possible* rather than plausible," which does not adequately plead loss causation. *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013).

Finally, Plaintiffs' allegation that Murata America had "insider" information that allowed it to obtain an unfairly low share price lacks particularity. Plaintiffs do not identify *what* information Murata America possessed that other potential buyers did not or *how* that information enabled it to obtain an unfairly low share price.

2.      Plaintiffs did not request leave to amend, and therefore waived any argument that they should have another chance to amend, the SAC with factual allegations from the Delaware Court of Chancery's May 23, 2024, bench ruling ("Delaware Bench Ruling") in a similar shareholder suit. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) ("An issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (citation modified)).[2]

---

[2]      The district court also did not abuse its discretion by failing to take judicial notice of factual allegations in the Delaware Bench Ruling because Plaintiffs made no such request and, in any event, courts may not take "judicial notice of another

5

**AFFIRMED.**

---

court's opinion . . . 'for the truth of the facts recited therein.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (citation omitted).